**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALEXSAM, INC.,<br>　　Plaintiff,<br><br>v.<br><br>BEST BUY STORES L.P.,<br>　　Defendant. | )<br>)<br>)<br>)<br>) No. 2:13cv2<br>)<br>)<br>) |

| | |
|---|---|
| ALEXSAM, INC.,<br>　　Plaintiff,<br><br>v.<br><br>BARNES & NOBLE, INC. AND BARNES &<br>NOBLE MARKETING SERVICES, LLC,<br>　　Defendant. | )<br>)<br>)<br>)<br>) No. 2:13cv3<br>)<br>)<br>)<br>) |

| | |
|---|---|
| ALEXSAM, INC.,<br>　　Plaintiff,<br><br>v.<br><br>THE GAP INC. AND DIRECT CONSUMER<br>SERVICES, LLC,<br>　　Defendant. | )<br>)<br>)<br>)<br>) No. 2:13cv4<br>)<br>)<br>)<br>) |

| | |
|---|---|
| ALEXSAM, INC.,<br>　　Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC. AND J.C. PENNEY<br>CORPORATION,<br>　　Defendant. | )<br>)<br>)<br>)<br>) No. 2:13cv5<br>)<br>)<br>)<br>) |

| | |
|---|---|
| ALEXSAM, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:13cv6 |
| MCDONALD'S CORPORATION AND P2W, INC. ) | |
| NFP, ) | |
|     Defendant. ) | |

| | |
|---|---|
| ALEXSAM, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:13cv7 |
| TOYS "R" US – DELAWARE, INC. AND TRU- ) | |
| SVC, LLC, ) | |
|     Defendant. ) | |

| | |
|---|---|
| ALEXSAM, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:13cv8 |
| THE HOME DEPOT, U.S.A., INC. AND HOME ) | |
| DEPOT INCENTIVES, INC., ) | |
|     Defendant. ) | |

**ALEXSAM'S MOTION FOR ORDER RELATING TO TRIAL SCHEDULING
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16**

Alexsam respectfully requests an order relating to trial scheduling in light of the Court's recent severance order. This application is mindful of the Court's considerable discretion to both join and sever claims in the interest of justice, and particularly in consideration of the observation in the Court's *sua sponte* severance order that "the Court recognizes there are overlapping issues among the Defendants in this case." (Dkt. No. 391, p. 2.)

The concerns that the Court addressed in the severance order can all be achieved, and the "overlapping issues" can best be addressed, if the Court modifies the order in one quite simple manner. Specifically, as the case is presently structured, the severance order would necessitate seven separate trials on the entirely overlapping issues of validity and enforceability. But the record shows very clearly that these issues are common among all Defendants. Thus, having seven separate trials on validity goes beyond the need for protection of individual Defendants, and does not serve the goal of trial efficiency.

Stated differently, seven separate trials on the common issues of invalidity and enforceability would engage the Court and multiple juries in six unnecessary and repetitive trials on those subjects. It would add unnecessary burden on the Court, and radically increase the costs to Alexsam and all other parties (except perhaps Best Buy). Accordingly, Alexsam respectfully requests a Rule 16 scheduling order for the severed cases to proceed to trial as follows: First, the Court would conduct a consolidated trial on the issues of validity and enforceability, the results of which would be binding on all parties. Secondly, this trial would be followed (if necessary) by separate trials on infringement and damages as to each Defendant, as the current order contemplates.

## I.      Procedural History

In March 2010, Alexsam filed its original Complaint in this action alleging infringement by all seven sets of Defendants. (Case No. 2:10-cv-00093-TJW-CE, Dkt. No. 1.) This

Complaint was properly filed under Federal Rule of Civil Procedure Rule 20(a)(2). Notably, the joinder limitations of the America Invents Act are expressly not retroactive, and therefore not applicable to this case. 35 U.S.C § 299 (applying to cases filed after September 16, 2011).

It is also notable at the outset that, while there are seven sets of named Defendants, there may be only a couple of real parties in interest on the defense side. All Defendants admittedly have made indemnity claims against non-parties to this litigation, but have not fully disclosed these overlapping indemnity relationships. It appears ascertainable from the record that non-party Ceridian Stored Value Systems ("SVS") is indemnifying six of the Defendants in this case and has retained and paid for the Fisch law firm to defend them. Thus, we refer to the six Defendants indemnified by SVS and represented by the Fisch firm as the "SVS Defendants" herein. The seventh Defendant, Best Buy, has also made indemnity claims, but apparently not against SVS.

Two and one-half years after this case was filed, in November 2012, Defendant Best Buy filed a Request For A Rule 16 Scheduling Conference To Address Complexities Related To The Currently Scheduled Trial. (Dkt. No. 332.) Alexsam did not oppose the request for the conference. (Dkt. No. 346.) Best Buy's motion briefly mentioned the "complexities" of a consolidated trial, but did not specifically request severance, bifurcation or any other specific relief. In response to Best Buy's request, the Court scheduled a Rule 16 Scheduling Conference for January 3, 2013. (Dkt. No. 347 at 20.) On the eve of the intervening holiday, Friday, December 28, 2012, Best Buy voluntarily withdrew its request for the hearing, stating, "Best Buy has resolved its concerns mentioned in its Request for a Rule 16 Conference, so that those concerns expressed by Best Buy are now moot." (Ex. 1.) Shortly thereafter, the Court *sua sponte* severed this matter into seven separate causes of action. (Dkt. No. 371) ("Severance Order.")

In light of the Court's Severance Order, on January 7, 2013 Alexsam requested a meet and confer with Defendants and proposed to Defendants a single consolidated trial on validity followed by separate infringement trials for each Defendant.  (Ex. 2.)  Defendants replied that they would not agree.  (*Id.*)

## II.   Issues Unique to Any Defendant Relate To Infringement; Validity Is a Common Issue

The Court's specific concern, and its stated reason for severing the cases into seven separate causes of action by Defendant, appears to be the potential presence of unique <u>infringement</u> issues for each Defendant group.  Specifically, the Order states: "The determination of whether each of the gift card programs of seven independent defendants/defendant groups ***infringe*** the patents-at-issue will likely present many issues unique to each defendant/defendant group.  Trying to present these issues to a single jury for each of the seven defendant/defendant groups will likely create confusion and needless complexity."  (Dkt. No. 371 at 2-3) (emphasis added).

At the same time, the Court's Severance Order coupled its stated concern about diverging infringement evidence with the recognition of the presence of common issues which may cogently be tried together, stating: "As raised by Alexsam in response to Best Buy's request for a conference, the Court recognizes there are overlapping issues among the defendants in this case." (Id. at 2.)

In particular, the issues of invalidity and enforceability are common to all Defendants. These issues do not depend in any way on any unique attributes of any defendants' systems.  All Defendants have the same common interest in invalidating the claims of the Alexsam patents, as evidenced by the joint defense agreement.  Defendants allege that the same claims are invalid and unenforceable.  Defendants' inequitable conduct arguments are essentially indistinguishable among Defendants.  Defendants' invalidity arguments are substantially common among

3

Defendants, as confirmed by the Court's recent common order allowing the amendment of all Defendants' invalidity contentions and answers. (Dkt. No. 347.)

The invalidity evidence proffered by the two Defendant groups in their contention reports is overwhelmingly overlapping.[1] The SVS Defendants all use a single expert on the subject (Reef) and have served one consolidated invalidity report. Although Best Buy does have an expert separate from the single group of experts jointly designated by the SVS Defendants, it is clear that all Defendants have coordinated their efforts through the joint defense agreement. To the extent that there are any differences in prior art asserted between the SVS Defendants and Best Buy, it is to all Defendants' benefit (not detriment) to have the validity trial consolidated. To the extent that the SVS Defendants allege anticipation and obviousness by other references and on other grounds that Best Buy has not alleged (or did not properly disclose in its invalidity contentions), Best Buy would obtain the benefit of these additional arguments, and no prejudice would result to the SVS Defendants.

Alexsam has proffered the opinions of one expert, Mr. Baker, on invalidity issues.

As a further illustration of the commonality of the invalidity and enforceability issues among Defendants, Alexsam recently filed letter briefs requesting summary judgment on discrete aspects of the validity and enforceability issues. (Dkt. No. 353 (on-sale bar); Dkt. No. 357 (MobilGO); Dkt. No. 359 (WorldDial); Dkt. No. 360 (SVS Call Reports); Dkt. No. 361 (inequitable conduct)). Having reached an agreement with Best Buy that renders one of the motions moot (Dkt. No. 360), Alexsam intends to file the remaining four motions. Three of Alexsam's motions will be substantially identical across all Defendants and the fourth motion

---

[1] It is notable that virtually all of the same art was presented to the USPTO, including in multiple reexaminations, and to two prior juries in this Court. The validity of the patents has been repeatedly confirmed. There appears no reason why seven separate juries should be asked to cover the same ground yet again.

4

(Dkt. No. 357) will be identical across the six SVS Defendants (but relates to alleged prior art not asserted by Best Buy.)  Similarly, Alexsam filed letter briefs requesting permission to file *Daubert* motions related to expert opinions on validity and unenforceability. (Dkt. Nos. 362 and 364.)  Alexsam intends to file substantially identical *Daubert* motions on these issues across all of the Defendants.  There is no need for seven motions and seven decisions on these motions on a Defendant-by-Defendant basis, just as there is no reason for a jury verdict on a Defendant-by-Defendant basis on the same issues.

Coupled with this overlap, as described in greater detail below, it is notable that SVS has already had its day in court on the validity of the Alexsam patents in the Pier 1 trial.  (*Alexsam v. Pier 1*, Case No. 2:08-cv-15, Dkt. No. 258.)  SVS was the indemnitor for defendant Pier 1 in that case.  The same individual attorneys now at the Fisch law firm represented both Pier 1 and SVS in that case.  SVS presented its own employees and alleged prior art as part of its attempt to invalidate the Alexsam patents in that case.  And SVS continues to pursue its positions on that subject via an appeal it has taken via indemnitee Pier 1 to the Federal Circuit challenging its loss on the subject (Appeal Nos. 2013-1003, -1026).  Thus, the positions taken by the SVS Defendants on these issues must be viewed in the light of the fact that their indemnitor − and real party in interest − is ultimately arguing that the Federal court system (and the USPTO) should entertain a never-ending series of cases and proceedings challenging Alexsam's patents *ad infinitum*.  SVS has had its day in court on this subject, and certainly should not be permitted to dictate the management of this trial as the absent tail wagging the dog.

### III. A Consolidated Trial on Validity and Enforceability Instead of Seven Serves The Interests of Judicial Economy and Efficiency

Conducting one consolidated trial on the validity issue would be enormously beneficial for judicial and trial economy, and would avoid concurrent expense.  On the one hand, if tried first on a consolidated basis, the entire issue can be disposed of in less than a week.  However, if

tried separately and repeatedly, the Court would be forced to conduct seven separate trials on the same issues. At least a few days of each of the seven trials would be devoted to the same arguments about validity and enforceability. Under the current order, the identical defenses would be tried seven times.

At least with respect to the SVS Defendants, who prior to the Severance Order noticed their joint intent to use just one expert, Mr. Reef, it would not serve trial efficiency to allow Mr. Reef to present the same opinions six different times. It would burden both the Court and the parties even more to have six or seven different juries empaneled to decide the same issue repeatedly.

If, as Defendants argue, the Alexsam patents are invalid (in spite of two prior jury verdicts in this District, the original prosecutions at the USPTO, and several reexaminations at the USPTO that resulted in a re-issue of the asserted Alexsam patent claims without amendment), substantial judicial resources would be conserved by trying validity first on a consolidated basis. If consolidated, Alexsam believes that the validity issue can be tried in about three days, which would be generally consistent with Eastern District of Texas trial precedent on trial length, but would allow Defendants more time dedicated solely to the validity issue than would generally be available in a one-week trial involving all issues. From the perspective of trial administration, if invalidity is tried in one consolidated trial, it would also allow Defendants' subsequent infringement and damages trials to be shortened.

**IV. Repeated Trials of The Same Validity Arguments Are Unfairly Prejudicial to Alexsam**

In addition to being a waste of the Court's resources, and multiplying the expenses of trying the case, allowing Defendants to present the same validity and enforceability arguments over and over would be highly prejudicial to Alexsam. The current order appears to contemplate that each Defendant would be allowed to try the same validity and enforceability arguments in

6

each of seven trials. This would unfairly allow Defendants to present the same prior art over and over seven times, like allowing Defendants to flip a coin seven times, hoping to come up heads only once. As discussed above, the same Defendants' expert would repeatedly make the same arguments about validity and unenforceability at least six times, and Alexsam's expert Mr. Baker would rebut these arguments seven times. By contrast, Alexsam would be addressing the infringement of each Defendant's systems and methods in each trial, including any unique factual issues and defenses.

If Defendants were to prevail on the validity issue even once in the seven trials, they would likely argue that they were entitled to prevail in the entire litigation, or at least that further trials should be stayed pending resolution of the appeal of any invalidity verdict.

The unfairness of this construct is heightened in the context of the fact that despite the differing retailer defendants in each case, generally the same real parties in interest are defending each case. For example, processor SVS is indemnifying Defendants for at least six of the cases (and previously indemnified Pier 1 in the prior trial). As a result of the indemnity relationships, the Court's current order would allow essentially the same parties to re-try the same validity arguments over and over until they obtain a favorable jury.

V.    **CONCLUSION**

Alexsam respectfully requests an order consolidating the invalidity and enforceability issues into one trial of three days for all Defendants, to be followed by individual trials on the issues of infringement and damages.

| | |
|---|---|
| Date: January 17, 2013 | /s/ Alison Aubry Richards<br>Timothy P. Maloney (IL 6216483)<br>Tpmalo@fitcheven.com<br>Joseph F. Marinelli (IL 6270210)<br>jmarinelli@fitcheven.com<br>Alison Aubry Richards (IL 6285669)<br>Arichards@fitcheven.com<br>Nicole L. Little (IL 6297047)<br>Nlittle@fitcheven.com<br>David A. Gosse (IL 6299892)<br>Dgosse@fitcheven.com<br>FITCH EVEN TABIN & FLANNERY LLP<br>120 South LaSalle Street, Suite 1600<br>Chicago, Illinois 60603<br>Telephone: (312) 577-7000<br>Facsimile: (312) 577-7007<br><br>Steven C. Schroer (IL 6250991)<br>scschr@fitcheven.com<br>FITCH EVEN TABIN & FLANNERY LLP<br>1942 Broadway, Suite 213<br>Boulder, Colorado 80302<br>Telephone: (303)402-6966<br>Facsimile: (303)402-6970<br><br>Melissa Richards Smith<br>Texas State Bar No. 24001351<br>Melissa@gillamsmithlaw.com<br>GILLAM & SMITH, L.L.P.<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>*Counsel for Plaintiff Alexsam, Inc.* |

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 17, 2013. Any other counsel of record will be served by first class mail.

/s/ Alison Aubry Richards
*Attorney for Plaintiff, Alexsam, Inc.*

## **CERTIFICATE OF CONFERENCE**

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h) as shown in Exhibit 2.  On January 7, 2013 the undersigned lead counsel for Alexsam contacted lead counsel for the SVS Defendants, Alan Fisch, and lead counsel for Best Buy, Emmett McMahon by email about the substance of this Motion.  By response email, Defendants indicated that Defendants do not agree to the request in this motion and did not believe that a meet and confer would be productive.  The discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

      /s/ Steven C. Schroer
      Steven C. Schroer
      *Lead Trial Counsel for Plaintiff,*
      *Alexsam, Inc..*